# IN THE COURT OF APPEALS OF IOWA

No. 18-1458
Filed October 23, 2019

IN RE THE MARRIAGE OF THOMAS H. JENN
AND VERMONA L. JENN

Upon the Petition of
**THOMAS H. JENN,**
    Petitioner-Appellant/Cross-Appellee,

**And Concerning**
**VERMONA L. JENN, n/k/a VERMONA L. BOYLE,**
    Respondent-Appellee/Cross-Appellant.
_____

Appeal from the Iowa District Court for Chickasaw County, John J. Bauercamper, Judge.

Thomas and Vermona appeal and cross-appeal, respectively, from their dissolution decree. **AFFIRMED AS MODIFIED ON APPEAL; AFFIRMED ON CROSS-APPEAL.**

Christopher F. O'Donohoe of Elwood, O'Donohoe, Braun & White, LLP, New Hampton, for appellant/cross-appellee.

Laura J. Parrish of Miller, Pearson, Gloe, Burns, Beatty & Parrish, P.L.C., Decorah, for appellee/cross-appellant.

Considered by Potterfield, P.J., and Doyle and May, JJ.

**MAY, Judge.**

Thomas and Vermona Jenn appeal and cross-appeal, respectively, from the decree dissolving their marriage. We affirm the decree but modify it.

Thomas and Vermona married in 2006. Thomas was fifty years old, and Vermona was fifty-two years old. It was her sixth marriage and his third. Thomas entered the marriage with more assets than Vermona. For example, Thomas had a farm.

Prior to the marriage, the parties executed a premarital agreement. As will be discussed, the agreement provided that "if their marriage is not successful that each [would] retain all property owned by them at the time of their marriage."

Thomas filed for dissolution in 2016. The district court dissolved the marriage and distributed the assets and liabilities between the parties.

The court also awarded Vermona spousal support in the amount of $500 per month until either party dies. The payment reduces to $250 per month when Thomas reaches sixty-six years old. The payment obligation continues even if Vermona remarries.

On appeal, Thomas argues Vermona is entitled to no spousal support. Vermona argues the spousal-support award should be increased. She also challenges the division of property and requests appellate attorney fees.[1]

---

[1] Vermona also objects to references in Thomas's appellate brief to transcripts of preliminary hearings. She urges this court not to consider those transcripts. Our record on appeal and cross-appeal consists of "the original documents and exhibits filed in the district court case from which the appeal is taken, the transcript of proceedings, if any, and a certified copy of the related docket and court calendar entries prepared by the clerk of the district court." Iowa R. App. P. 6.801. We interpret "the transcript of proceedings" to refer to the dissolution trial transcript from August 18, 2017. We note, however, that consideration of the preliminary hearing transcripts would not alter the outcome of this appeal.

Dissolution proceedings are reviewed de novo. *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). "Although we give weight to the factual findings of the district court, we are not bound by them." *In re Marriage of Mauer*, 874 N.W.2d 103, 106 (Iowa 2016). We will only "disturb the district court's 'ruling only where there has been a failure to do equity.'" *McDermott*, 827 N.W.2d at 676 (citation omitted).

We first address Vermona's cross-appeal challenging the property settlement. She asks us to modify the decree to award her an equalization payment of $228,000, a tractor, and skid loader. She reasons this award would be equitable because her efforts helped Thomas's farm appreciate in value over the course of the marriage. *Cf. In re Marriage of Keener*, 728 N.W.2d 188, 193 (Iowa 2007) (noting "Iowa is an equitable distribution state" and "[c]ourts determine what is fair and equitable based on the particular circumstances of the parties").

But Vermona does not challenge the validity of the premarital agreement, which provides in relevant part:

> Should the marriage of the parties be dissolved, . . . it [is] the intent of the parties that if their marriage is not successful that each retain all property owned by them at the time of their marriage or acquired thereafter, in their individual names.
> Except as herein provided, each party shall have complete control of his or her separate property, and may enjoy and dispose of such property in the same manner as if the marriage had not taken place. The foregoing shall apply to all property now owned by either of the parties and to all property which may hereafter be acquired by either of them in an individual capacity. Any wages or earnings of the parties shall remain their separate property in all respects as described above.

Because Vermona does not challenge the agreement, we apply its terms when considering the division of property. We conclude the earnings and

appreciation in Thomas's farm are to remain with him. Moreover, Vermona has not demonstrated any of assets awarded to Thomas in the decree were assets acquired by them jointly and subject to division under the terms of the agreement.[2]

Given the terms of the premarital agreement, we cannot conclude the district court's property division was inequitable.

We turn next to the spousal support award. Thomas contends Vermona is entitled to no spousal support, while Vermona contends she is entitled to more. We agree with Thomas.

Spousal support is not an absolute right. *See In re Marriage of Gust*, 858 N.W.2d 402, 408 (Iowa 2015). However, upon consideration of the factors set out in Iowa Code section 598.21A(1) (2016), the court may award spousal support in certain circumstances.

Our cases recognize four categories of spousal support: traditional, rehabilitative, reimbursement, or transitional. Our real inquiry, though, is "whether the facts and circumstances of the case are such that it would be equitable to require [one] spouse to satisfy the financial need[s]" of the other. *In re Marriage of Gutcher*, No. 17-0593, 2018 WL 5292082, at *5 (Iowa Ct. App. Nov. 7, 2018). "The answer to that question is derived from looking at the principles embodied in the traditionally-recognized forms of spousal support." *Id*. "Among the galaxy of cases, the generally-recognized categories of support are constellations providing

---

[2] Vermona makes passing reference to a thirteen-acre property acquired by the parties. Our record contains no evidence concerning the equity in this property. We decline to consider it.

guidance in navigating what is equitable in the otherwise uncharted waters of spousal support." *Id.*

Here, the district court described its award of support as "traditional alimony" or "permanent alimony." But traditional support is reserved for long-term marriages where the earning potential of the parties can be predicted. *See Gust*, 858 N.W.2d at 410. "Twenty years is the generally accepted durational threshold for the award of traditional spousal support." *Gutcher*, 2018 WL 5292082, at *3 (citing *Gust*, 858 N.W.2d at 410–11). This marriage fell well short of the durational threshold. Traditional support does not apply.

Rehabilitative support serves to provide support while the dependent spouse receives training or education in an effort to become self-sustaining. *See In re Marriage of Becker*, 756 N.W.2d 822, 826 (Iowa 2008). This kind of support does not apply. Vermona expressed no desire to receive additional education or training. Instead, she indicated she is able to work. However, she testified she is unwilling to work for a wage less than she earned prior to leaving the workforce to help on the farm.

Reimbursement support doesn't apply, either. "Reimbursement spousal support allows the spouse receiving the support to share in the other spouse's future earnings in exchange for the receiving spouse's contributions to the source of that income." *Id.* This form of support is awarded when the marriage dissolves shortly after one of the parties obtains a professional degree or licensure with the financial support from the other. *See Gutcher*, 2018 WL 5292082, at *3; *In re Marriage of Mueller*, No. 01-1742, 2002 WL 31425414, at *3 (Iowa Ct. App. Oct. 30, 2002). It is not justified by one spouse's support of the other's business

ventures. *See In re Marriage of Probasco*, 676 N.W.2d 179, 185–86 (Iowa 2004); *Gutcher*, 2018 WL 5292082, at *4; *In re Marriage of Erpelding*, No. 16-1419, 2017 WL 2670806, at *6 (Iowa Ct. App. June 21, 2017), *vacated on other grounds*, 917 N.W.2d 235, 247–48 (Iowa 2018). Because Vermona did not provide Thomas with financial support as he obtained a professional decree or licensure, this form of support does not apply.

We have recognized transitional support as a fourth category of spousal support. *See In re Marriage of Hansen*, No. 17-0889, 2018 WL 4922992, at *16 (Iowa Ct. App. Oct. 10, 2018) (McDonald, J., concurring specially) (collecting cases). "[Tr]ansitional support applies where the recipient spouse may already have the capacity for self-support at the time of dissolution but needs short-term assistance in transitioning from married status to single status due to the economic and situational consequences of dissolution." *Id.* at *17. We decline to award transitional support here. It would not be equitable to require Thomas to bankroll the establishment of Vermona's new life when she refuses to work.

In short, none of the traditional categories of support applies here. Moreover, based on our review of the record and the factors set forth in section 598.21A(1), we find no other grounds to otherwise warrant an award of support. So we conclude the decree should be modified to remove the support award.

Finally, we turn to Vermona's request for appellate attorney fees. Appellate attorney fees are awarded upon our discretion and are not a matter of right. *See In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). When considering whether to exercise our discretion, "we consider 'the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the

appeal.'" *McDermott*, 827 N.W.2d at 687 (quoting *Okland*, 699 N.W.2d at 270). We decline to award Vermona appellate attorney fees.

In conclusion, we affirm the dissolution decree, including the district court's property award. But we modify the decree by striking the award of spousal support.

**AFFIRMED AS MODIFIED ON APPEAL; AFFIRMED ON CROSS-APPEAL.**